OPINION
{¶ 1} Defendant-appellant George A. Kilgore appeals his conviction and sentence for one count of breaking and entering, a violation of R.C. § 2911.13(A), a fifth degree felony.
 {¶ 2} On April 17, 2007, Kilgore was charged by indictment with one count of breaking and entering. Kilgore was arraigned on April 19, 2007, stood mute, and the trial court *Page 2 
entered a not guilty plea on his behalf. Following a jury trial which began on June 4, 2007, and concluded on June 6, 2007, Kilgore was found guilty of the sole count in the indictment. On June 7, 2007, the trial court sentenced Kilgore to ten months imprisonment. Kilgore filed a timely notice of appeal with this Court on June 25, 2007.
 I {¶ 3} The incident which forms the basis of this appeal occurred at 137 East Helena Street in Dayton on Saturday, March 24, 2007, at approximately 11:00 a.m. Two businesses are located at that address, Dayton Windustrial Co. and Serva-Tool, and both businesses were open on the Saturday in question. Dayton Police were called after Kris Jackson, the owner of Serva-Tool, discovered Kilgore hiding behind a desk in the front office area of Dayton Windustrial Co. which occupies the majority of the building, including the main office area in the front of building. Mrs. Jackson testified that she asked the individual, whom she later identified as Kilgore, what he was doing in the office. Mrs. Jackson testified that Kilgore told her that he was looking for a job and asked if he could get an application. Mrs. Jackson stated that they were not currently hiring but that Kilgore should go and speak with her husband, Gregory Jackson, the owner of Dayton Windustrial. She then directed Kilgore to go and speak with Mr. Jackson in the warehouse section of the building.
 {¶ 4} Mr. Jackson testified that he also spoke with Kilgore and told him that they were not currently hiring any new employees. Kilgore left the business premises and began traveling eastbound on Stanley Avenue. Mrs. Jackson and Mr. Jackson then investigated the section of the building where Kilgore was initially discovered. They found that almost every desk in the sales office had been opened and the chair to each desk had been pulled back. They also *Page 3 
discovered that Mr. Jackson's desk in his private office had also been opened and ransacked.
 {¶ 5} Mr. and Mrs. Jackson called the police and gave them a description of Kilgore as the individual who had burglarized their business. Officer Florea and Officer Christophers from the Dayton Police responded to the call. When the officers arrived at the Jacksons' business, they observed Kilgore traveling up Stanley Avenue. They took Kilgore into custody and questioned him concerning his presence at the Jacksons' business. Kilgore stated that he was just trying to obtain a job application. However, once he was informed that his criminal actions had been recorded by the Jacksons' video surveillance system, Kilgore eventually confessed. He maintained that he initially entered the business to get a job application. However, once he discovered that no employees were in the office area, he stated that the temptation was too great, and he began looking for items to steal in the unlocked desks in the sales office and Mr. Jackson's private office.
 {¶ 6} After a jury trial, Kilgore was convicted of one count of breaking and entering, in violation of R.C. § 2911.13(A). It is from this judgment that Kilgore now appeals.
 II {¶ 7} Kilgore's sole assignment of error is as follows:
 {¶ 8} "THE TRIAL COURT ERRED WHEN IT FOUND DEFENDANT GUILTY OF VIOLATING ORC § 2911 13(A), AS THE STATE FAILED TO MEET ITS BURDEN AS TO EACH AND EVERY ELEMENT AND SUCH FINDING OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 9} In his sole assignment, Kilgore contends that the State failed to adduce sufficient evidence at trial which established each element of breaking and entering beyond a reasonable *Page 4 
doubt. Specifically, Kilgore argues that the State failed to prove that he committed a "trespass" and that said trespass was in an "unoccupied" structure. Additionally, Kilgore argues that the verdict finding him guilty was against the manifest weight of the evidence.
 {¶ 10} Although both are raised by Kilgore in a single assignment of error, "a challenge to the sufficiency of the evidence differs from a challenge to the manifest weight of the evidence." State v.McKnight, 107 Ohio St.3d 101,112, 837 N.E.2d 315, 2005-Ohio-6046. "In reviewing a claim of insufficient evidence,' [t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' (Internal citations omitted). A claim that a jury verdict is against the manifest weight of the evidence involves a different test. `The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. (Internal citations omitted).
 {¶ 11} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. State v.DeHass (1967), 10 Ohio St.2d 230, 231, 227 N.E.2d 212. "Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to *Page 5 
credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."State v. Lawson (Aug. 22, 1997), Montgomery App. No. 16288.
 {¶ 12} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict.State v. Bradley (Oct. 24, 1997), Champaign App. No. 97-CA-03.
 {¶ 13} R.C. § 2911.13 states in pertinent part:
 {¶ 14} "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
 {¶ 15} "(B) No person shall trespass on the land or premises of another, with purpose to commit a felony.
 {¶ 16} "(C) Whoever violates this section is guilty of breaking and entering, a felony of the fifth degree."
 {¶ 17} R.C. 2911.21 also provides in pertinent part:
 {¶ 18} "(A)No person, without privilege to do so, shall do any of the following:
 {¶ 19} "(2) Knowingly enter or remain on the land or premises of another, the use of which is lawfully restricted to certain persons, purposes, modes, or hours when the offender knows the offender is in violation of any such restriction or is reckless in that regard;
 {¶ 20} * * *
 {¶ 21} "(C) It is no defense to a charge under this section that the offender was authorized to enter or remain on the land or premises involved, when such authorization was *Page 6 
secured by deception."
 {¶ 22} A review of the record convinces us that the State's evidence, taken in its entirety, was sufficient to sustain Kilgore's conviction for the charged offenses. The following facts adduced at trial support this conclusion: 1) Kilgore was put on notice that certain areas in the building at 137 East Helena Street were not open to the public even though the businesses were "open" on the day that the break-in occurred; 2) the surveillance video clearly depicts Kilgore sneaking through the off-limits section of the office on his way back to Mr. Jackson's locked office; 3) the State presented the testimony of Kris Jackson, who testified that before she confronted Kilgore, she discovered him hiding behind one of the cubicles in the sales office; 4) the off-limits section of the office in which Kilgore was found was an unoccupied structure for the purposes of the statute; 5) Kilgore was on notice that he had no privilege to enter and/or remain in that portion of the office because it was locked from the outside and a security door separated the off-limits portion of the building from the portion that was open to the public; 6) upon being confronted with the video surveillance tape that clearly showed him sneaking around the office, Kilgore admitted that he was looking for something of value to steal when he ransacked the desks in the sales office and the desk in Mr. Jackson's office; and 7) the State presented evidence that Kilgore unlocked the office door that opened to the street from the inside in case he needed to make a quick escape. The evidence supports the conclusion that Kilgore was provided sufficient notice that he was in a restricted portion of the building, and was therefore trespassing, when he ransacked the desks in the sales office and the desk in Mr. Jackson's private office. When viewed in a light most favorable to the prosecution, rational minds could have reached the conclusion that the State proved that Kilgore was the perpetrator *Page 7 
of the charged offense beyond a reasonable doubt.
 {¶ 23} Kilgore's conviction is also not against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given their testimony are matters for the jury to resolve. Kilgore presented no evidence, and the jurors did not lose their way simply because they chose to believe the State's witnesses, which they had a right to do. Having reviewed the entire record, we cannot clearly find that the evidence weighs heavily against a conviction, or that a manifest miscarriage of justice has occurred.
 {¶ 24} Kilgore's sole assignment of error is overruled.
 III {¶ 25} Kilgore's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
GRADY, J., and GLASSER, J., concur.
Copies mailed to:
Johnna M. Shia
Melissa K. Schindler
 Hon. Frances E. McGee *Page 1